**In the Matter of John M. HAECKER.**

**No. 17S00–9508–DI–947.**

Supreme Court of Indiana.

May 17, 1996.

Robert S. Bechert, Tremper, Bechert, Leonard & Terrill, Fort Wayne, for Respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

DISCIPLINARY ACTION

PER CURIAM.

The respondent, John M. Haecker, has been charged with lawyer misconduct arising out of his criminal conviction of six counts of voyeurism. On November 22, 1995, the Disciplinary Commission and the respondent tendered for this Court's approval a *Statement of Circumstances and Conditional Agreement for Discipline* pursuant to Ind. Admission and Discipline Rule 23, Section 11(g).[1] That agreement called for a six-month period of suspension, with three months of that period conditionally stayed, plus a period of probation. By order issued January 24, 1996, this Court rejected the proffered agreement due to the insufficiency of the proposed sanction. The respondent has now entered a second conditional agreement for discipline with the Commission, agreeing therein that a suspension from the practice of law for a period of at least six months, without automatic reinstatement of

1. Since February 1, 1996, that procedure has been contained in Admis.Disc.R. 23(11)(c).

his law license at the end of that period, is an appropriate discipline. We have decided to approve the agreement. We do so in part because accepting such agreements encourages agreed resolution of disciplinary cases. More pertinent to this case, approving the agreement will lead more promptly to suspension of the respondent's license. Had this case been litigated, the respondent's minimum period of suspension would likely have been longer.

The respondent and the Commission agree that the respondent owned a duplex in Fort Wayne, Indiana. He lived in one half of the duplex and rented the other half to tenants. Between April 7, 1994, and July 25, 1994, a married couple occupied the rented portion. After they moved, the respondent rented the same portion of the duplex to a man and a woman living with the woman's five-year-old son. They moved into the duplex on August 7, 1994. The next day, while preparing to take a shower, the woman noticed a small hole in the ceiling above the shower. She returned to the bedroom and discovered a similar hole above where the bed would be placed. She notified her companion, who climbed into the attic to investigate. There he discovered a small camera above each of the holes, and traced wires running from the cameras to the attic of the respondent's portion of the duplex. The Allen County Sheriff's Department subsequently found a camera mounted in a bathroom closet that focused on the toilet, a camera above the bathroom ceiling trained on the shower, and a camera above the bedroom ceiling focused on the bed. The sheriff's department confiscated video equipment and video tapes from the respondent's portion of the duplex depicting both sets of tenants in various stages of nudity or involved in private acts in their own rented portion of the duplex.

█ On August 12, 1994, the Allen County prosecuting attorney charged the respondent with 29 counts of voyeurism, a class B misdemeanor, in violation of I.C. 35–45–4–5. The respondent pleaded guilty to six of the counts on June 30, 1995, pursuant to a plea agreement tendered by the Allen County prosecutor's office. The respondent was sentenced to 180 days of imprisonment for each of the six counts, each term to run consecutively. The trial court suspended the entire sentence and placed the respondent on probation for a period of three years, beginning June 30, 1995. Additionally, the respondent was fined $100 for each of the six counts.

In its *Verified Complaint for Disciplinary Action,* the Commission charged the respondent with violating Ind.Professional Conduct Rule 8.4(b), which provides:

> It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

The strong element of concealment attendant to the respondent's clandestine surveillance implicates his honesty and trustworthiness. The very nature of his acts brings into question his fitness as one who can be trusted to keep his client's secrets or give effective legal advice. *In re Oliver,* 493 N.E.2d 1237, 1242 (Ind.1986). We therefore find that the respondent violated Ind.Professional Conduct Rule 8.4(b) by committing a criminal act that reflects adversely on his honesty, trustworthiness and fitness as a lawyer in other respects.

█ As noted above, the parties have agreed that the respondent should be suspended from the practice of law for a period of not less than six months, without automatic reinstatement at the end of that period. We recognize a need for rigorous discipline given the seriousness of the misconduct occurring in this case. Our gravest concern is that the respondent's actions were the product of a deliberate, premeditated plan to invade the privacy of the occupants of his rental property. The respondent went to great lengths to formulate, design and implement the instruments of his misconduct. He left in place the means of his illegal surveillance over an extended period with the specific objective of recording private events at future times. We therefore ascribe to his actions the most culpable of mental states recognized in lawyer disciplinary cases, that being an intent to accomplish a particular

wrongful action. *In re Thompson*, 624 N.E.2d 466, 469 (Ind.1993).

The parties have agreed on various factors they purport mitigate the severity of the misconduct. Most generally, it is asserted that the respondent accepted responsibility for his actions, that his prior disciplinary record is unblemished, and that he freely and fully cooperated with the Commission. Most significant among the mitigating circumstances is that the respondent has sought evaluation of and treatment for any psychological dysfunction and continues to do so. Had the respondent not already undertaken such treatment, we would have required him to do so. Finally, we note that the respondent has settled a civil lawsuit initiated by one of the families he victimized.

It is, therefore, ordered that the respondent, John M. Haecker, be suspended from the practice of law for a period of not less than six (6) months, beginning June 21, 1996. At the end of that period of suspension, the respondent will be eligible to petition this Court for reinstatement to the Bar, provided he meets the requirements of Admis.Disc.R. 23(4).

Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and DeBRULER, SULLIVAN and SELBY, JJ., concur.

DICKSON, J., votes to reject the agreement, believing that the agreed sanction is manifestly insufficient.